IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DALE R. SPIDAL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | ) | No. CV-08-505-HU<br><br>FINDINGS & RECOMMENDATION |

Dale R. Spidal
8407 S.E. 65th Avenue
Portland, Oregon 97206-8821

Plaintiff Pro Se

Kent Robinson
ACTING UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

David R. Johnson
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

Attorneys for Defendant

HUBEL, Magistrate Judge:

Plaintiff Dale R. Spidal brings this action for judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). This Court has jurisdiction under 42 U.S.C. § 405(g). I recommend that the Commissioner's decision be affirmed.

PROCEDURAL BACKGROUND

Plaintiff applied for DIB on August 26, 2004, alleging an onset date of January 1, 2004. Tr. 77-79. His application was denied initially and on reconsideration. Tr. 65-69, 61-63.

On May 2, 2007, plaintiff, represented by counsel, appeared for a hearing before an Administrative Law Judge (ALJ). Tr. 609-42. On May 10, 2007, the ALJ found plaintiff not disabled. Tr. 13-26. The Appeals Council denied plaintiff's request for review of the ALJ's decision. Tr. 7-10.

STANDARD OF REVIEW & SEQUENTIAL EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991). The claimant bears the burden of proving disability. Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner

determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

The court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Baxter, 923 F.2d at 1394. Substantial evidence means "more than a mere scintilla," but "less than a preponderance." Id. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id.

DISCUSSION

In his single page, handwritten, opening memorandum, plaintiff raises only one alleged error by the ALJ. Plaintiff contends that the ALJ inaccurately concluded that plaintiff was fired from his die caster job because of a positive urinalysis. Pltf's Mem. at p. 1 ("I was not fired for a positive U.A. but indeed had passed said test. . . . Judge Teivens [sic], the A.L.J. claims my dienial [sic] was due to a failed U.A. This is not true.").

The ALJ first noted an employer-required drug test in the part of his opinion discussing the severity of plaintiff's impairments at step two of the sequential analysis. Tr. 19. Specifically, the ALJ was discussing plaintiff's history of drug and alcohol abuse. Tr. 18-20. The ALJ noted that since his alleged onset disability date of January 1, 2004, plaintiff had been treated in the emergency room after falling at home while intoxicated. Tr. 19. He noted additional records showing that plaintiff had a positive drug screen performed while an inpatient at Kaiser Hospital in November 2004. Id. (citing Tr. 245-47, 420-23). The ALJ then noted that previously, plaintiff's employer "had to initiate surprise urinalysis." Tr. 19.

The ALJ's citation for this statement is an April 2007 letter written by plaintiff's parents which provides a chronology of events experienced by plaintiff, including "[o]ne night the company sent him to Milwaukie Providence Hospital to be tested for alcohol and drugs[.]" Tr. 150. The letter notes that the test came back negative. Id. This mention by the ALJ of an employer-mandated drug and alcohol test in no way amounts to a conclusion by the ALJ that plaintiff lost his job because of a failed urinalysis.

Rather, he simply cited this as one piece of evidence showing a history of drug and alcohol tests, including one required by plaintiff's employer.

The ALJ's only other mention of an employer-mandated urinalysis is when he assessed the credibility of the statements by plaintiff's parents in their April 2007 letter. Tr. 24. One of the reasons the ALJ found the limitations described in the letter as not credible, was because while plaintiff's parents noted the employer-required surprise urinalysis, plaintiff's parents failed to acknowledge that the testing was required because of plaintiff's drug and alcohol abuse. Id. The ALJ gave the letter no weight because the parents never acknowledged plaintiff's drug and alcohol problem. As with the first reference, this reference does not represent a finding that plaintiff lost his job because of a failed urinalysis.

As a reading of the ALJ's decision makes clear, the ALJ denied disability benefits not because plaintiff failed a urinalysis at work, but because the record showed significant, and well-documented, problems with drugs and alcohol, which the ALJ analyzed properly under social security law. See Tr. 19 (noting materiality analysis); see also Tr. 18-21 (discussing evidence of plaintiff's drug and alcohol use); Tr. 18 ("[a]lcohol and significant marijuana abuse has been present throughout his medical history, inclusive of his hospitalizations"); Tr. 19 "[t]his is a clear case of alcohol, marijuana and amphetamines abuse. . . . Records reflect he continues to drink and use marijuana significantly and he has consistently been diagnosed with 'alcohol dependence' and 'cannabis (marijuana) dependence' through April 2007"); Tr. 19 ("examining

physicians all noted he is 'taking very limited responsibility in addressing his alcohol abuse'"); Tr. 19 (noting second arrest for driving under the influence in March 2004); Tr. 20-21 (noting January 2007 relapse after period of sobriety).

The record fails to substantiate plaintiff's claim of error by the ALJ. The ALJ did not err.

CONCLUSION

I recommend that the ALJ's decision be affirmed.

SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 7, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due August 21, 2009. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 23rd day of July, 2009.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge